PER CURIAM:
Claimants seeks compensation from the respondent for damages sustained in his GS 750 Suzuki motorcycle after striking a pothole.
The claimant lives in Jeffrey, West Virginia. At approximately 12:00 noon on June 8, 1986, he was travelling west on Route 17 in the direction of his home. The pavement was dry. There was a pothole extending approximately 12 inches from the berm into the roadway. The hold was approximately a foot deep. The claimant testified that he was travelling at approximately 50 miles an hour when the motorcycle struck the pothole. The motorcycle sustained damages in the amount of $761.19. The claimant further testified that he travelled the road daily and knew of the existence of the hold. He had not notified respondent of the present of the pothole.
The State is neither an insurer nor guarantor of the safety of persons travelling on its highways. Adkins vs. Sims, 130 W.Va. 645 , 46 S.E.2d 81 (1947). For negligence of the respondent to be shown, proof of notice of the defect in the road is required. Davis Auto Parts vs. Dept. of Highways, 12 Ct.Cl. 31 (1977). Although the hole, by its size, is indicative of the constructive notice of respondent, the Court is of the opinion that the claimant, with his prior knowledge of the condition of the road, was likewise negligent. He travelled the road daily and knew of the existence and location of this pothole. Under the doctrine of comparative negligence, the Court is of the opinion that the claimant's negligence was equal to or greater than the respondent's and disallows the claim. See also Edwards vs. Dept. of Highways, 14 Ct.Cl 354 (1983).
Claim disallowed.